Eastern District of Kentucky
**FILED**

JUL 2 5 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CRIMINAL ACTION NO. 03-121-JBC
(Civil Action No. 05-128-JBC)

UNITED STATES OF AMERICA,            PLAINTIFF

V.           **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

WILLIAM B. BEASLEY,            DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the motion of defendant William B. Beasley ("Beasley"), *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on March 25, 2004. This motion has been fully briefed and is ripe for review.

By standing order of the District Court this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2003, the United States filed a one-count information against Beasley, charging that on or about January 1, 2002, and continuing until on or about August 25, 2003, Beasley did knowingly and intentionally conspire to commit the following offenses against the United States of America: (a) to knowingly and intentionally manufacture, that is grow and produce, 1000 or more marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (b) to knowingly and intentionally distribute 1000 or more marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Beasley was arraigned on the charges contained in the information on September 23, 2003. Prior to his arraignment, Beasley entered into plea negotiations with the United States, resulting in

a plea agreement wherein he agreed to plead guilty to Count 1 of the information in exchange for certain concessions made by the United States. Beasley executed his Plea Agreement on September 23, 2003, the date of his arraignment, and his Plea Agreement was tendered to the court at that time. [DE #23].

On March 25, 2004, the trial court accepted Beasley's plea agreement and imposed sentence. Beasley received a 41-month sentence of imprisonment on Count 1 of the information, to be followed by a three-year term of supervised release. [DE #26].

No direct appeal was filed.

### III. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On March 24, 2005, Beasley filed the present § 2255 motion, claiming that his sentence was imposed in violation of his right to a jury determination and was "rendered unconstitutional in a recent Supreme Court decision," in violation of *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005). Beasley also claims that the United States committed prosecutorial misconduct by failing to file a 5K motion for downward departure and that such failure "violated the spirit of the plea agreement," in that he did not receive the probation for which he had bargained.

In response to the motion to vacate, the United States asserts that pursuant to the terms of his plea agreement, Beasley waived his right to file a direct appeal of his conviction and sentence and waived his right to collaterally attack his conviction and sentence and that this waiver was informed and voluntary; therefore, Beasley now has no right to bring the claims raised in the present § 2255 motion.[1]

### Analysis

**Waiver of right to collaterally attack conviction and sentence**

---

[1] The United States also responded to Beasley's claims on the merits.

In considering this matter, the Magistrate Judge has reviewed the terms of Beasley's Plea Agreement he entered into with the United States on September 23, 2003, and that was approved by the court and filed of record on March 24, 2004. [DE #8]. The following paragraphs of Beasley's Plea Agreement are relevant to his § 2255 motion:

> 3. As to Count 1 of the information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:
>
> (a) During the Summer and Fall of 2002, upon the marijuana reaching maturity the defendant helped, harvest, bundle and load the marijuana for transport back to Kentucky to the Hays residence and barns in Gravel Switch, Kentucky along with Michael Hays, Derek Keith Brummett, Clifford Slusher, Frank D. Hall, Ricky Joe Griffin, David Scott Miller, William David Miller and Dean Heckathorn. After returning to Gravel Switch, Kentucky, the defendant assisted the above named persons in the stripping of the marijuana plants. The marijuana was transported from Indiana in horse trailers.
>
> (b) That the amount attributable to defendant is limited to in excess of 1,000 plants but less than 4,000 plants or 100-400 kilograms which is consistent with distribution and not mere personal use.
>
> (c) The marijuana recovered from co-defendant Hays' property has been subjected to laboratory testing and is, in fact, marijuana, a Schedule I controlled substance under federal law. The amounts involved are consistent with distribution and not mere personal use.
>
> . . .
>
> 5. The United States and the Defendant recommend the following sentencing guideline calculations, and they may object to other calculations. This recommendation does not bind the Court.
>
> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2002, manual, will determine the Defendant's guideline range;
>
> (b) Pursuant to § 2D1.1(c)(4) the base offense level for Count 1 is 26 because the amount of marijuana plants involved is at least 1,000 plants but less than 4,000 plants and converts to 100 kilograms but less than 400 kilograms;
>
> (c) Pursuant to § 5C1.2 and 2D1.1(b)(6), the parties agree that the defendant may be eligible for a 2 level reduction if he meets the criteria for safety valve consideration;

    (d)    Pursuant to U.S.S.G. § 3B1.2(b), the base offense level is decreased by 2 levels because the defendant was a minor participant;

    (e)    Pursuant to § 3E1.1, decrease the base offense level by 2 levels for the Defendant's timely acceptance of responsibility. The United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

. . .

7.    **The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order or restitution.**

. . .

12.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Plea Agreement, pages 1-5 [DE #23]. (emphasis in original).

It is clear from numerical ¶ 7 of Beasley's Plea Agreement that in exchange for the concessions made by the United States, he waived his right to appeal his guilty plea, conviction, and sentence and his right to collaterally challenge his guilty plea, conviction, and sentence within the applicable sentencing guideline range, including the filing of a § 2255 motion. Thus, the Magistrate Judge must now determine whether Beasley's waiver of the foregoing rights was an informed, voluntary, and knowing waiver. At Beasley's arraignment/guilty plea proceeding on September 23, 2003, at the court's request, the United States, by counsel, Assistant United States Attorney Ron L. Walker, Jr., summarized the essential terms of the Plea Agreement, as follows:

> MR. WALKER: Your Honor, the parties have entered into an agreement in which Mr. Beasley agrees to plead guilty to Count 1 of the information that charges that he, along with two or more other persons, formed an agreement or understanding to manufacture and distribute a controlled substance; namely, marijuana, a scheduled (sic) one controlled substance. And that at some time during the existence, or life of

> the agreement, Mr. Beasley knew the purpose of the agreement and deliberately joined the agreement or understanding.
> The facts that the United States would be prepared to prove beyond a reasonable doubt were this matter to proceed to trial are that during the fall and summer of 2002 that marijuana was harvested; that the Defendant helped harvest, bundle, and load marijuana for transport back to Kentucky to the Michael Hays' residence; and that the Defendant helped – then helped strip the marijuana plants; that the amounts attributable to this Defendant is limited to an amount of 1,000 plants but less than 4,000 plants, or 100 to 400 kilograms, which is consistent with distribution and not mere personal use.
> The marijuana that was recovered from the Hays' property has been subjected to laboratory testing and is, in fact, marijuana.
> The parties have set forth the minimum statutory punishment for the offense, as well as recommended guidelines that would be applicable in this matter. However, those guidelines do not bind the Court.
> Based on the concessions of the United States in this matter, the Defendant has agreed to waive his right to appeal and agree[d] to waive his right to collaterally attack the guilty plea, conviction, and sentence, including any order of restitution.
> The Defendant's continued cooperation – based on the Defendant's continued cooperation, the United States has agreed to consider filing a downward departure motion. However, the decision to file such a motion rests within the sole discretion of the United States.
> Those would be the essential parts of the plea agreement.

(Arraignment/Guilty Plea Proceeding, 9/23/03, pp. 10-11).

Subsequently, at the conclusion of Mr. Walker's summary of the essential terms of the Plea Agreement, the court asked Beasley if heard Mr. Walker's summary of the plea agreement, understood what Mr. Walker had said, and if Mr. Walker had accurately described the Plea Agreement, to which Beasley responded, "Yes." Id., p. 12. Thereafter, the following colloquy occurred between the court and Beasley:

> THE COURT: Okay. And you have waived or given up your right to appeal or collaterally attack, which just means file separate lawsuit attacking either your conviction or sentence.
> Do you give that up voluntarily, Mr. Hays?
>
> DEFENDANT BEASLEY: Yes.

(Arraignment/Guilty Plea Proceeding, 9/23/03, p. 12).

### Applicable Law

In Hunter v. United States, 160 F.3d 1109, 1113 (6th Cir. 1998), the Sixth Circuit held that a waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily.

5

Thereafter, in Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." Thus, in view of Hunter and Watson, if the court determines in the present action that Beasley's waiver of his right to collaterally attack his guilty plea and conviction was knowing, intelligent, and voluntary, then Beasley has waived his right to collaterally challenge his guilty plea, conviction, and sentence in a § 2255 motion.

Based on a review of the record, including a review of the transcript of Beasley's arraignment/guilty plea proceeding, the Magistrate Judge concludes that Beasley's waiver of his right to collaterally attack his guilty plea, conviction, and any sentence within the applicable sentencing guideline range was knowing, intelligent, and voluntary. This conclusion is based on the fact that (1) the waiver of Beasley's right to collaterally attack his guilty plea, conviction, and sentence is plainly stated in bold print in numerical ¶ 7 of his plea agreement, and (2) in responding to questioning by the court concerning whether he understood the rights he had agreed to waive by entering into this Plea Agreement, and particularly the waiver of his right to appeal and to collaterally attack his guilty plea, conviction, and sentence, and whether he was surrendering those rights voluntarily, Beasley answered in the affirmative.

Consequently, the Magistrate Judge concludes that since Beasley's sentence was below the applicable maximum statutory penalty range, he has waived the right to collaterally attack his guilty plea, conviction, and sentence in the present § 2255 motion.[2]

---

[2] Based on the foregoing conclusion that Beasley has waived his right to file the present § 2255 motion, in the interests of making the most efficient use of limited judicial resources, at this juncture, the Magistrate Judge need not conduct an in-depth analysis of Beasley's claims on the merits, *i.e.*, that his sentence was imposed in violation of *Blakely* and *Booker,* and that the United States violated the Plea Agreement by not filing a 5K motion for downward departure from the sentencing guidelines.

6

## IV. CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside sentence, for the reasons previously stated, the Magistrate Judge concludes that Beasley's § 2255 motion should be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of defendant, William B. Beasley, filed under § 2255, to vacate, correct, or set aside sentence [DE #29] be **DENIED**. The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P 72 (b).

This 25th day of July, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE